**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-6976**

———————

GARY L. WISE,

                                    Plaintiff - Appellant,

        versus

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,

                                    Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:07-cv-00596-HFF)

———————

Submitted:  October 1, 2007          Decided:  November 5, 2007

———————

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Gary L. Wise, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary L. Wise seeks to appeal the district court's orders accepting the magistrate judge's report and recommendation to dismiss his request for mandamus relief, and thereafter, the district court's denial of his request for discovery. After the district court dismissed Wise's petition, Wise filed a Motion for Discovery. The court denied the Motion for Discovery because the time to appeal the court's judgment had expired. However, the court notified Wise that he had thirty days to appeal the denial of Wise's Motion for Discovery. Wise thereafter filed a pleading that the district court construed as a notice of appeal. To the extent Wise seeks review of the order dismissing his petition, we dismiss the appeal for lack of jurisdiction because Wise did not timely appeal. To the extent Wise's filing can be construed as a notice of appeal from the order denying discovery, it failed to comply with Fed. R. App. P. 3. As a consequence, Wise fails to invoke the jurisdiction of this court.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S.

257, 264 (1978) (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)).

The district court's order dismissing Wise's petition was entered on the docket on May 2, 2007. Because Wise failed to file a timely notice of appeal from that order, we lack jurisdiction to review the court's judgment. Moreover, to the extent Wise's filing was construed as a notice of appeal from the order denying his Motion for Discovery, it does not meet the requirements of Fed. R. App. P. 3. Specifically, Wise's pleading fails to designate the order being appealed and fails to name the court to which the appeal is taken.[*] Accordingly, we deny Wise's motion to proceed in forma pauperis, and we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

---

[*]Even considering the merits of Wise's appeal from the denial of his Motion for Discovery, we would have no difficulty concluding that the district court acted properly in denying a discovery request filed in a case that had been dismissed over six weeks previously.